1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

RICHARD ANTHONY PETERSON,

12

Petitioner,

13

v.

14

JOE LIZARRAGA, Warden of MCSP,

15

Respondent.

16
17

No. 1:17-cv-01537-LJO-SKO HC

**ORDER DIRECTING RESPONDENT TO FILE STATUS REPORTS REGARDING THE 2012 TRIAL TRANSCRIPT**

18
19
20
21
22
23
24
25
26
27
28

Petitioner, Richard Anthony Peterson, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner currently has four motions for sanctions pending before this Court, including: (1) Doc. 43: Motion for Sanctions Due to Failure of State to Obey Court Orders; (2) Doc. 44: Additional Request for Sanction Due to Failure to Obey Court's Order – Immediate Release Pending Determination; (3) Doc. 52: Motion for Sanctions Memorandum; (4) Doc. 53: Motion for Sanctions Memorandum. Because Respondent is continuing his efforts to locate a transcript from Petitioner's 2012 mistrial, the Court will order Respondent to file status reports.

1

## I.    Procedural Background

On October 19, 2017, before transferring this case from the Sacramento Division of the United States District Court for the Eastern District of California to the Fresno Division, United States Magistrate Judge Gregory C. Hollows ordered Petitioner to file his petition for writ of habeas corpus within 60 days.  Judge Hollows also ordered Respondent to file a response to Petitioner's habeas petition "accompanied by all transcripts and other documents relevant to the issues presented in the petition." (Doc. 11 at 1.)

On October 30, 2017, Petitioner filed his petition for writ of habeas corpus.

On November 17, 2017, Judge Hollows ordered that the case be transferred from the Sacramento Division to this Court.  (Doc. 17.)

After several extensions of time, Respondent filed an answer to the petition and lodged documents in support of the answer on February 27, 2018.  (Docs. 34, 35.)  The following day, Respondent requested a 14 day extension of time to serve the lodged documents on Petitioner, which the Court granted on March 2, 2018.  (Docs. 36, 37.)

On March 5 and 9, 2018, Petitioner filed motions for sanctions against Respondent for failing to serve the lodged documents, (Doc. 38, 40), which the Court denied as premature.  (Doc. 45.)

In his March 9, 2018 motion for sanctions, Petitioner noted that Respondent's notice of lodged documents did not include a transcript from Petitioner's 2012 mistrial or transcripts from a 2011 preliminary hearing.  (Doc. 40 at 1.)  Petitioner also filed two motions for sanctions on March 23, 2018.  (Docs. 43, 44).  The Court directed Respondent to file a status report detailing whether Respondent had complied with the Court's order to provide Petitioner with "all transcripts and other documents relevant to the issues presented in the petition." (Doc. 11 at 1.)

On March 29, 2018, Respondent filed a status report stating that he had served the lodged state court record on Petitioner on March 8, 2018. (Doc. 26.) In response to Petitioner's contention that the lodged documents did not include the transcript from Petitioner's 2012 mistrial or transcripts from a 2011 preliminary hearing, Respondent stated:

> the Kern County Superior Court did not have a copy of the preliminary hearing transcripts in its files. Respondent then contacted the court reporter in attendance at the preliminary hearing, Diana Zissos, who is now retired. Respondent hired Mrs. Zissos to prepare a copy of the preliminary hearing transcript at a cost of $123.00. Mrs. Zissos completed the transcript on March 23, 2018, and mailed it to Respondent shortly thereafter. Respondent will promptly lodge the transcript and serve Petitioner with a copy once it is received.
>
> Finally, as Respondent stated in his response filed March 14, 2018, he does not have a copy of the transcript of the 2012 trial ending in a mistrial, and a transcript evidently was never prepared. *See People v. Peterson*, 2015 WL 8484075, *12 (Dec. 10, 2015) ("The instant record does not contain the reporter's transcript for the first trial.").

*Id*. at 2.

On April 24, 2018, Respondent notified the Court that he had contacted the secretary for Gloria Cannon, Petitioner's public defender, to locate a transcript of the 2012 mistrial and that Ms. Cannon was searching her records. (Doc. 54.) On April 27, 2018, Petitioner notified the Court that he received the 2011 preliminary hearing transcripts. (Doc. 55.) Because Respondent continues to seek the 2012 transcript, the Court will Order Respondent to file status reports.

The Court understands that Petitioner is frustrated due to delayed filings, and appreciates both parties' consideration as Respondent seeks the 2012 transcript.

## II.     Conclusion and Recommendation

Accordingly:

1. Respondent is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court and Petitioner of the status of the 2012 transcript.

2. Respondent shall file an additional status report every ninety (90) days thereafter.

3

3. Within seven (7) days after locating the 2012 transcript, Respondent shall file a notice with the Court regarding the status of the transcript and shall provide a copy to Petitioner.

IT IS SO ORDERED.

Dated:   **May 7, 2018**                                         /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE