UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY PETERSON,<br><br>Petitioner,<br><br>v.<br><br>JOE LIZARRAGA, Warden of MCSP,<br><br>Respondent. | No. 1:17-cv-01537-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DENY PETITIONER'S MOTIONS FOR SANCTIONS, MOTION FOR SUMMARY JUDGMENT, AND REQUEST FOR EMERGENCY ACTION**<br><br>**(Docs. 43, 44, 52, 53, 64, 68, 71)** |

Petitioner, Richard Anthony Peterson, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the Court are various motions filed by Petitioner, including: (1) Doc. 43: Motion for Sanctions Due to Failure of State to Obey Court Orders; (2) Doc. 44: Additional Request for Sanction Due to Failure to Obey Court's Order – Immediate Release Pending Determination; (3) Doc. 52: Motion for Sanctions Memorandum; (4) Doc. 53: Motion for Sanctions Memorandum, which is a duplicate of Doc. 52; (5) Doc. 64: Motion for Summary Judgment Based Upon Violation of Substantive Due Process by Lodgment of Evidence Fabricated by the Kern County District Attorney's Office; (6) Doc. 68: Motion for Sanctions for Violation of 18 USCS 401 [Obstruction of Justice, Contempt of Court], 18 USCS

1

1341 [Mail Fraud, Concealment], 18 USCS 1342 [Ficti[t]ious Name or Address]; and (7) Doc. 71: Request for Emergency Action – "Mark Badal" is a Sexual Predator Who Was Given My Wife and Children's Home Address and Phone Number by Respondent in Retaliation for my Proof of Evidence and Lodgment Fabrication. Because Petitioner has failed to show Respondent acted in bad faith or he was prejudiced, the undersigned recommends denying Petitioner's motions.

I. **Procedural Background**

On October 19, 2017, prior to transferring this case from the Sacramento Division of the United States District Court for the Eastern District of California to the Fresno Division, United States Magistrate Judge Gregory C. Hollows ordered Petitioner to file his petition for writ of habeas corpus within 60 days. Further, Judge Hollows ordered Respondent to file a response to Petitioner's habeas petition "accompanied by all transcripts and other documents relevant to the issues presented in the petition." (Doc. 11 at 1.) On October 30, 2017, Petitioner filed his petition for writ of habeas corpus. (Doc. 14.)

On November 17, 2017, Judge Hollows Ordered the case be transferred from the Sacramento Division to this Court. (Doc. 17.)

After several extensions of time, Respondent filed an answer to the petition and lodged documents in support of the answer on February 27, 2018. (Docs. 34, 35.) The following day, February 28, 2018, Respondent requested a 14 day extension of time to serve the lodged documents on Petitioner, which the Court granted on March 2, 2018. (Docs. 36, 37.)

On March 5 and 9, 2018, Petitioner filed motions for sanctions against Respondent for failing to serve the lodged documents, (Doc. 38, 40), which the Court denied as premature. (Doc. 45.) In his March 9, 2018 motion for sanctions, Petitioner noted that Respondent's notice of lodged documents did not include a transcript from Petitioner's 2012 mistrial or transcripts from a 2011 preliminary hearing. (Doc. 40 at 1.) Because Petitioner also filed two motions for sanctions on

March 23, 2018, (Docs. 43, 44), the Court also directed Respondent to file a status report detailing whether Respondent complied with the Court's order to provide Petitioner with the lodged documents. (Doc. 45 at 2.)

On March 29, 2018, Respondent filed a status report stating that it had served the lodged state court record on Petitioner on March 8, 2018. In response to Petitioner's contention that the lodged documents did not include a transcript from Petitioner's 2012 mistrial or transcripts from a 2011 preliminary hearing, Respondent also notified the Court that:

> the Kern County Superior Court did not have a copy of the preliminary hearing transcripts in its files. Respondent then contacted the court reporter in attendance at the preliminary hearing, Diana Zissos, who is now retired. Respondent hired Mrs. Zissos to prepare a copy of the preliminary hearing transcript at a cost of $123.00. Mrs. Zissos completed the transcript on March 23, 2018, and mailed it to Respondent shortly thereafter. Respondent will promptly lodge the transcript and serve Petitioner with a copy once it is received.
>
> Finally, as Respondent stated in his response filed March 14, 2018, he does not have a copy of the transcript of the 2012 trial ending in a mistrial, and a transcript evidently was never prepared. *See People v. Peterson*, 2015 WL 8484075, *12 (Dec. 10, 2015) ("The instant record does not contain the reporter's transcript for the first trial.").

(Doc. 46 at 2.).

In his motions for sanctions, Petitioner claims: Respondent (1) failed to deliver the lodged documents before the deadline set by the Court; (2) failed to provide transcripts for the 2011 preliminary hearing and 2012 trial; and (3) mailed the documents to the wrong address. (*See* Docs. 43, 44, 47, 48, 49, 50, 52, 53, 55.) As a sanction for Respondent's failure to timely serve Petitioner with the lodged documents, Petitioner asks the Court "to read the state's answer to confirm the facts of false evidence and impeachment, then waive the state's answer as untimely," or to grant him "bail without bond on my own recognizance." (Doc. 47 at 1-2.)

On April 24, 2018, Respondent notified the Court it contacted the secretary for Gloria Cannon, Petitioner's public defender at his 2013 trial, to find a transcript of the 2012 trial and Ms.

3

Cannon was searching her records. (Doc. 54.) On April 27, 2018, Petitioner notified the Court that he received the 2011 preliminary hearing transcript. (Doc. 55.)

On May 8, 2018, the undersigned ordered Respondent to file a status report advising the Court of the status of the 2012 transcript. (Doc. 56.) On May 21, 2018, Respondent notified the Court that a copy of the 2012 transcript was located with the former secretary of the public defender who represented Petitioner at his 2013 trial. (Doc. 59.) However, the secretary refused to provide Respondent with a copy of the transcript. *Id*. at 1. Respondent stated that he would not object to Petitioner requesting discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases to obtain the transcript, if necessary. *Id*. at 2.

In a correspondence with Petitioner on May 2, 2018, Respondent advised Petitioner he was

> seeking to obtain copies . . . [exhibits from] both the 2012 and 2013 trials. I will keep you informed of my progress. If you would like to postpone filing your reply brief until after you have possession of the exhibits (and the transcript of the first trial, which I am also seeking to obtain), you may represent to the District Court that I have no objection to you obtaining an extension of time.

*Id*. at 3. Along with the status report, Respondent filed copies of exhibits from the 2012 mistrial and 2013 trial, which he received from Mark Pafford, Chief Deputy District Attorney of the Kern County District Attorney's Office. (Doc. 60.)

Petitioner did not request an extension of time to file his reply brief and has apparently been in possession of the 2012 transcript since he filed his petition on October 30, 2017. (Doc. 65.)

**II.     Motions for Sanctions for Failure to Provide Copies - (Docs. 43, 44, 52, 53)**

Petitioner asks the Court to sanction Respondent, because Respondent did not provide a transcript from Petitioner's 2012 mistrial or transcripts from a 2011 preliminary hearing.

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, a Respondent's answer must

> indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have

4

been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Here, with Respondent's answer to the petition, Respondent lodged 17 documents, including Petitioner's filings on appeal in state court, Clerk's Transcripts from Petitioner's appeal in state court, and the transcripts from the 2013 trial. (*See* Lodged Docs. 1-17.)

Once Petitioner identified transcripts that were missing from the record—the transcript from Petitioner's 2012 mistrial and the transcript from a 2011 preliminary hearing—Respondent endeavored to find the transcripts. On April 18, 2018, Respondent lodged the transcript of the 2011 preliminary hearing. (Doc. 51.) Although Respondent identified a source that has the 2012 transcript, the individual would not release the transcript to Respondent. Given the opportunity, Petitioner has not requested discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases. However, it appears discovery is unnecessary as Petitioner has a copy of the 2012 mistrial transcript.

The Court notes that it has the discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissal of an action based on the failure to comply with a court order. Fed. R. Civ. P. 11; Local R. 110.

Petitioner cites *Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994), for the proposition that when Respondent missed his deadline to lodge the state court record, the "appropriate response may be to deem procedural defenses waived" and "proceed directly to the merits of the petition." (Doc. 43 at 1.) However, in *Bleitner*, the Court noted "a sanction should be proportionate to the wrong. Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps years after the offense, is apt to be a disproportionate sanction" for failing to timely file documents. *Bleitner*, 15 F.3d at 653. The Court held, where a delay in filing "was

brief and nonprejudicial and was found by the district judge not to have been inexcusably neglectful, the entry of a default judgment would not have been an appropriate response." *Id*. at 654.

The undersigned agrees with the *Bleitner* Court that the entry of default judgment or dismissing Respondent's answer to the petition would not be an appropriate response to Respondent's actions. There is no evidence Respondent has acted in bad faith by not providing the materials when the record was first lodged. Respondent has filed several status updates informing the Court and Petitioner of actions taken to find the relevant transcripts and has lodged the 2011 transcript.

Although Petitioner argues he has been prejudiced by Respondent's failure to provide him with the 2011 and 2012 transcripts, he appears to have the materials in his possession. Petitioner notified the Court, "I have provided [the Court with] the relevant parts of the 2012 transcript." (Doc. 50 at 2); (Doc. 65.) Further, Petitioner was able to file his traverse without requesting an extension of time to wait for the additional materials. For these reasons, the Court recommends denying Petitioner's Motions for Sanctions, (Docs. 43, 44, 52, 53.)

### III. Motion for Summary Judgment – (Doc. 64)

On June 15, 2018, Petitioner filed a "Motion for Summary Judgment Based upon Violation of Substantive Due Process by Lodgment of Evidence Fabricated by the Kern County District Attorney's Office," (Doc. 64.) Petitioner contends Respondent lodged false evidence with the Court. *Id*. at 1.

On May 21, 2018, Respondent lodged two exhibits that were supposedly introduced at Petitioner's 2012 and 2013 trials. (Doc. 60.) Both exhibits are the same legal documents involving the purchase of a house in Palmdale, California. However, the number of pages in the exhibits is disputed by Petitioner. Both exhibits submitted by Respondent are comprised of 4 pages, whereas

Petitioner submitted copies of the exhibits that are comprised of 3 and 5 pages, respectively. (Doc. 14 at 58-63.)

Petitioner's copies appear to be copies of the exhibits that were originally used at the trial, as they contain exhibit stamps. *Id.* Respondent's documents appear to be copies, as they do not contain stamps from the trial. Respondent states the exhibits he filed were located in the files of Mark Pafford, Chief Deputy District Attorney of the Kern County District Attorney's Office. (Doc. 59 at 3.)

Petitioner requests the Court grant summary judgment based on "the unconscionable act of manufacturing false evidence to coverup the former prosecutor's misconduct and fraud[ul]ently offering that evidence as genuine to the federal court is deceptive and reprehensible requiring reversal under the United States Constitution." (Doc. 64 at 1.)

Pursuant to Section 2254(e)(1), the findings of fact made by a state court "shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Petitioner has not conceded that the facts, as determined in the underlying state court proceedings, are correct. The arguments contained in Petitioner's motion are procedurally inappropriate on a motion for summary judgment; therefore, the undersigned recommends denying Petitioner's motion for summary judgment.

**IV. Motion for Sanctions Regarding Mail and Request for Emergency Action – Docs. 68, 71**

Petitioner's last two motions pertain to issues with his mail at Mule Creek State Prison. Petitioner states three packages sent to him from his wife, which contained the 2012 transcript, were sent back to her. (Doc. 68.) Further, he claims that instead of being returned to his wife, one package was sent to an individual name Mark Badal ("Badal"). (Doc. 71.) Petitioner now requests

the Court take "emergency action" because Badal is a" sexual predator who now has Petitioner's wife and children's home address and phone number." *Id*.

It appears the packages were sent back because they violated prison mail regulations. In exhibits attached to his motion for sanctions, Petitioner included "Notifications of Disapproval" forms stating: (1) "1 box received – boxes not allowed from a private party"; and (2) 1st class mail received weighing over 13 ounces – per title 15:3133(a)(1) – the maximum weight for a 1st class letter is 13 ounces." (Doc. 68 at 9-10.)

A prisoner retains those First Amendment rights not inconsistent with his status as a prisoner and the legitimate penological objectives of the corrections system. A jail officer's interference with inmate mail may be challenged when such interference is not reasonably related to legitimate penological interests. *See Tuner v. Safley*, 482 U.S. 78, 79 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974). However, challenges to the conditions of prison life are properly brought as civil rights claims under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).

At this time, the case has been fully briefed and Petitioner has provided the Court with the relevant sections of the 2012 transcript. Petitioner's remedy for interference with his mail lies in a § 1983 civil rights complaint; consequently, the undersigned recommends dismissing the motion for sanctions (Doc. 68.).

Petitioner also asks the Court to take "emergency action" because one of Petitioner's wife's packages was returned to Badal instead of Petitioner's wife. (Doc. 71.) Petitioner requests the Court move his petition "to the front of the line." Every petitioner expects that the Court will address his or her claims as expediently as possible. The Court's limited resources govern the speed with which the Court may address each of the many habeas petitions pending before it. In general, the Court addresses completely briefed cases such as Petitioner's in the order in which they were filed. The petition in the above-captioned case will be addressed in due course.

## V. Conclusion and Recommendation

Accordingly, the undersigned RECOMMENDS denying Petitioner's motions for sanctions (Docs. 43, 44, 52, 53, 68), motion for summary judgment (Doc. 64), and motion for emergency action (Doc. 71). Respondent is discharged from the need to submit any further status reports pursuant to Doc. 56.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE